# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Rosemary J. Hutchings,　　　　　　　　　　　　Case No. 3:17CV901

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　**ORDER**

Commissioner of Social Security,

　　　　　Defendant

　　　　This is a Social Security case in which the plaintiff, Rosemary Hutchings, appeals the Commissioner's decision denying her application for benefits.

　　　　An administrative law judge concluded that Hutchings suffers from multiple severe impairments, including urinary incontinence. (Doc. 10 at 41). The ALJ found that plaintiff had the residual function capacity (RFC) to perform "light work," provided that she be allowed "normal breaks" during the workday. (*Id.* at 45). In so concluding, the ALJ rejected, as "not entirely credible" (*id.* at 46), the plaintiff's repeated, longstanding complaints that her incontinence caused her to spend much of the day using the bathroom or changing her soiled clothing – and the corollary that a person with Hutchings's symptoms could not work without lengthy or extra breaks.

　　　　Because a sufficient number of jobs existed in the national economy that a person with Hutchings's RFC could perform, the ALJ ruled that she was not disabled. (*Id.* at 50, 52).

Pending is Magistrate Judge Ruiz's Report and Recommendation, which recommends that I affirm the denial of benefits. (Doc. 16).

The Magistrate Judge first concluded there was substantial evidence, principally in the form of the adverse credibility determination, for the ALJ's ruling that Hutchings's incontinence did not "generate significant physical limitations." (*Id.* at 16).

As the Magistrate Judge recounted, Hutchings completed a five-day "vocational rehabilitation assignment" in October, 2015. (*Id.* at 19). During that assignment – which occurred more than three years after Hutchings's incontinence (and other maladies) allegedly disabled her in August, 2012 – Hutchings "spent four hours per day performing kitchen work," apparently without needing to take frequent breaks. (*Id.*). The Magistrate Judge added that Hutchings testified that her symptoms improved after she underwent Botox injection therapy in July, 2014 – nearly two years after her alleged onset date. (*Id.*).

The Magistrate Judge then rejected Hutchings's claim that the ALJ erred by not considering whether she was entitled to a closed period of disability. (Doc. 16 at 19).

In the Magistrate Judge's view, Hutchings had no evidence "beyond her subjective self reports, which the ALJ did not credit, to support that she had symptoms as severe as she alleges for a continuous period of twelve months or more." (*Id.*). Although the Magistrate Judge acknowledged Hutchings's August, 2013, complaint of "constant leaking," the Magistrate Judge concluded that her incontinence "appear[ed] to have largely resolved" after the Botox therapy in July, 2014, just shy of the required twelve-month period. (*Id.*).

Hutchings has filed an objection contending that the ALJ erred by not considering a closed period of disability. (Doc. 17). In its response (Doc. 18 at 1), the government elected to

stand on its merits brief, which notably failed to address Hutchings's argument about a closed period of disability. (Doc. 13 at 1–16).

Having undertaken a de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I will sustain the objection, vacate the Commissioner's decision, and remand the case for further proceedings.

"A claimant who meets the 12–month durational requirement of 42 U.S.C. § 423(d)(1)(A) [&] 1382c(a)(3)(A) may be entitled to benefits from the time her disability commences until such time as the disability ceases." *Brown v. Comm'r of Soc. Sec.*, 2015 WL 502143, *5 (S.D. Ohio).

Here, Hutchings has consistently complained about what appears to be severe urinary incontinence from at least June, 2012 through October, 2015. (Doc. 17 at 2–4). Although the ALJ ultimately concluded that Hutchings was not disabled for the entirety of this period, it is undisputed that the ALJ never considered whether Hutchings was entitled to a closed period of disability within that timeframe. (Doc. 10 at 38–52).

Neither the Commissioner's merits brief nor her response to Hutchings's objection tried to justify this oversight. (Doc. 13 at 1–16; Doc. 18 at 1). And while the Magistrate Judge ultimately concluded that Hutchings was not entitled to a closed period of disability, that conclusion does not support affirming the denial of benefits.

First, the Magistrate Judge emphasized that the ALJ discredited the only evidence supporting Hutchings's incontinence-based claim: Hutchings's "subjective self reports" about the severity of her symptoms and her ensuing physical limitations. (Doc. 16 at 19).

But in discrediting Hutchings's statements and finding that "the record does not establish that [her incontinence's] symptoms generate significant physical limitations," the ALJ relied

3

only on events that occurred well into Hutchings's period of disability: her improved condition after the July, 2014 Botox therapy, and her successful completion of a vocational rehabilitation assignment in October, 2015.

This evidence might have supported a finding by the ALJ that, as of July, 2014, Hutchings's incontinence no longer produced the severe physical limitations it once had.

But it does not provide a basis for discrediting Hutchings's pre-July, 2014 reports. After all, the probable cause of Hutchings' improved condition – and the reason why she could complete the rehabilitation assignment successfully – was the Botox therapy. Because Hutchings did not receive that treatment until July, 2014, it makes little sense to extrapolate backward and conclude that the earlier accounts of her incontinence were likewise incredible.

For that reason, the ALJ's adverse credibility finding does not dispose of the closed-period-of-disability issue.

Second, the ALJ never concluded, as the Magistrate Judge concluded, that Hutchings's "constant leaking . . . largely resolved" by July, 2014, such that Hutchings was not disabled for a continuous, twelve-month period. Therefore, the Magistrate Judge's own analysis of the medical evidence cannot substitute for the ALJ's failure to address, in the first instance, whether Hutchings was entitled to a closed period of disability. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Plaintiff's objection (Doc. 17) to the Report and Recommendation (Doc. 16) be, and the same hereby is, sustained;

2. The Commissioner's decision denying plaintiff's application for benefits be, and the same hereby is, vacated; and

3. This case be, and the same hereby is, remanded to the Commissioner for consideration of whether plaintiff was entitled to a closed period of disability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge